**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4261-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WALTER A. TORMASI,

    Defendant-Appellant.

_____

Submitted October 16, 2018 – Decided October 31, 2018

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 97-04-0234.

Walter A. Tormasi, appellant pro se.

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Anthony J. Parenti, Jr., of counsel; Lauren Martinez, Assistant Prosecutor, on the brief).

PER CURIAM

In this appeal, we consider the denial of a post-conviction relief (PCR) petition that followed our previous mandate. We summarized the unusual issues presented and our disposition when these parties were last before us:

> In this appeal of the denial of post-conviction relief, defendant argues that the judge erred in finding inadmissible a thirty-eight-page document which purports to be an affidavit – lacking its last page – authored by defendant's father in which he takes responsibility and proclaims defendant's innocence of the murder for which he was convicted. The judge excluded consideration of the document because the thirty-ninth page, which was alleged by witnesses to have contained the signature of defendant's father and the jurat of a notary public, was missing. We reverse because, if sufficiently authenticated, the document was admissible pursuant to N.J.R.E. 803(c)(25); we remand, however, for further proceedings because the judge never evaluated the sufficiency of defendant's effort to authenticate the document through extrinsic evidence pursuant to N.J.R.E. 901.
>
> [State v. Tormasi, 443 N.J. Super. 146, 149 (App. Div. 2015).]

Following our remand, the PCR judge reconsidered the matter and concluded that the document – the so-called "affidavit" – was sufficiently authenticated and admissible and, after weighing it and the other evidence adduced at the earlier PCR hearing, concluded that the document was "not believable and as such . . . does not have 'sufficient weight' so as to 'probably alter the outcome of the [original] verdict.'" We conclude that the PCR judge's findings are entitled

2

to our deference and those findings justified a denial of post-conviction relief. We, therefore, affirm.

We briefly recount this case's history. In 1998, defendant was tried and convicted of the 1996 murder of his mother, Frances Tormasi. He was sentenced to a term of life imprisonment subject to a thirty-year parole ineligibility period. We affirmed his conviction and the sentence imposed, State v. Tormasi, No. A-5530-97 (App. Div. July 20, 2001), certif. denied, 171 N.J. 42 (2002), and later affirmed the denial of his first PCR petition, which included an ineffectiveness-of-counsel argument, State v. Tormasi, No. A-2248-07 (App. Div. May 26, 2009), certif. denied, 200 N.J. 474 (2009).

In 2011, defendant filed the PCR petition in question. He argued that newly-discovered evidence – the "affidavit" of his deceased father, Attila Tormasi, Sr. – demonstrated his innocence. This so-called "affidavit" – suspicious because it lacked a final page alleged to have contained Attila, Sr.'s signature – expressed Attila, Sr.'s purported acknowledgement that he hired a private detective to commit the murder for which defendant was convicted. At an evidentiary hearing, the PCR judge mistakenly excluded the document and ultimately ruled that "[s]ince [the document] is not evidence, it cannot be newly[-]discovered evidence." As mentioned, we reversed that determination

3

and remanded for the judge's reconsideration of whether the "affidavit" was sufficiently authenticated by any of the methods described in our opinion. For example, we held that the judge could have found authentication from the testimony of defendant's siblings, Attila, Jr., and Sophia, who asserted that, during Attila, Sr.'s lifetime, they saw the full document containing his signature. See Tormasi, 443 N.J. Super. at 154-55. If the judge found the "affidavit" authenticated, we then directed that he consider with that "affidavit" and all the other evidence adduced at the hearing warranted post-conviction relief.

Following our remand, and based on the evidence previously adduced, the judge found the "affidavit" sufficiently authenticated but that it and the other evidence could not support the issuance of post-conviction relief. Among other things, the judge explained in detail how the "affidavit" conflicted with a certification Attila, Sr. filed in support of defendant's first PCR petition, how it contradicted Attila, Sr.'s testimony at defendant's trial, and why he viewed these attempts to nullify the prior accounts of criminal activity as "inherently suspect," quoting State v. Engel, 249 N.J. Super. 336, 386 (App. Div. 1991), and generally "untrustworthy," quoting State v. Carter, 69 N.J. 420, 427 (1981). The judge also found the testimony of Attila, Jr. and Sophia to be unworthy of credence because they made no attempt to inform defendant – their own brother – of what

they claimed to have learned about the "affidavit" until after their father's death. As the judge determined, both siblings testified they confronted their father about this evidence and claimed he admitted its contents were accurate but "they sa[id] nothing to their brother for years, knowing that he has been vigorously pursuing a theory for which they [then had] substantial evidence"; the judge found this "behavior [to be] incredible and difficult to reconcile with their testimony." And the judge found this evidence unconvincing in light of the "overwhelming evidence" of defendant's guilt; this overwhelming evidence included two eyewitnesses who "placed defendant in the driveway, wearing white 'silken' gloves as he approached [his mother's] car, seconds before she was shot," and testimony that defendant had earlier that day expressed an intent to shoot his mother. Defendant also asked one witness about "how to remove gun residue from his hands after firing a gun," and he asked another witness "how he could shoot someone who was sitting in a car." Witnesses also testified at trial that defendant was in possession of a handgun shortly before the murder. For these and other reasons, the judge denied relief.

Defendant appeals, arguing:

> I. ATTILA SR.'S SELF-INCRIMINATORY AFFIDAVIT CONSTITUTES NEWLY DISCOVERED EVIDENCE ENTITLING DEFENDANT TO

THE REVERSAL OF HIS CONVICTIONS UNDER APPLICABLE LAW.

II. ATTILA SR.'S UNILATERAL FEE ARRANGE-MENT WITH DEFENSE COUNSEL CREATED AN IMPERMISSIBLE CONFLICT OF INTEREST AND DEPRIVED DEFENDANT OF EFFECTIVE ASSIS-TANCE OF COUNSEL.[1]

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons set forth in the PCR judge's comprehensive and thoughtful opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] For brevity's sake we have omitted the subheadings to these two points.